Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar #7360
J. Malcolm DeVoy IV, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
Dj ASHBA and ASHBA MEDIA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Dj ASHBA, ASHBA MEDIA, INC. and ASHBALAND, <br><br> Plaintiffs, <br><br> vs. <br><br> ASHLEY LEADER, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** <br><br> 1) CYBERPIRACY – 15 U.S.C. § 1125(d); <br> 2) TRADEMARK INFRINGEMENT (UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN) – 15 U.S.C. § 1125(a); <br> 3) WILLFUL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1) |

Plaintiff, Dj ASHBA, an individual who is a resident of Nevada, ASHBA Media, Inc., a California Corporation (hereinafter "ASHBA Media") and ASHBALAND, a production company (collectively ASHBA or "Plaintiffs") file this Complaint against Defendant Ashley Leader (hereinafter "Leader" or "Defendant") for violations of Plaintiffs' intellectual property rights, namely trademarks, which are being infringed upon, and alleges as follows:

### I. INTRODUCTION

1. Plaintiff Dj ASHBA is an award-winning and world-famous guitarist, producer, and songwriter with multiple platinum albums. His first full-length album "Addiction to the Friction" was released under the name "ASHBA" in 1996. Since then, he has performed on multiple

1

continents, had his works reach number one on Billboard's "Hot Mainstream Rock Tracks" chart, and has performed on multiple world-famous tours.

2. Dj ASHBA has had endorsement deals with several world-famous brands including, but not limited to, Monster Energy, Gibson, Jagermeister, Dunlop Musical Accessories, Ernie Ball Music Man, Seymour Duncan, and Line 6.

3. Plaintiff ASHBA Media is a creative design agency formed by Dj ASHBA. Shortly after being founded in 2003, ASHBA Media beat out 110 other agencies to win Virgin Megastores as a client. ASHBA Media is in charge of the look and feel of each store and creates visual art to display store information in Virgin Megastores. ASHBA Media's other clients include Sony Playstation, Ovation Guitars, and Royal Underground Clothing.

4. ASHBA Media has also worked with Forgotten Saints to build an innovative and unique line of clothing comprised of both custom items designed with stage performances in mind and items that add style and edge to any wardrobe.

5. ASHBA Media also has a creative special effects department tasked with creating special props for such well-known productions as AMC's The Walking Dead.

6. Through ASHBA Media, Dj ASHBA has also worked with world-famous West Coast Customs and Dodge to design a limited edition ASHBA Challenger.

7. Plaintiff ASHBALAND is Dj ASHBA's production company through which he writes and produces music. Founded in 2005, Dj ASHBA has used ASHBALAND to work with other world-famous artists, including Mötley Crüe, Neil Diamond, Run-DMC, and Drowning Pool.

8. In addition to the clear family of common law marks, Plaintiffs own United States trademark applications and registrations for DJ ASHBA (U.S. Reg. No. 4119341, S.N. 85184005, S.N. 85184021), ASHBA MEDIA (U.S. Reg. No. 3559303, U.S. Reg. No. 3559302), ASHBA SWAG (S.N. 85282373, S.N. 85282354), ASHBALAND (U.S. Reg. No. 3713945, U.S. Reg. No. 3569845, U.S. Reg. No. 3582792, U.S. Reg. No. 3569847), and THE OFFICIAL DJ ASHBA ONLINE STORE (S.N. 85184036), among others.

9. In short, Plaintiffs represent a family of ASHBA branding that is famous worldwide with a highly regarded reputation in the entertainment industry.

10. Defendant, with actual or constructive knowledge of Plaintiffs' rights, released an album entitled "Lay Your Love On Me" on September 13, 2011 under the name "AshBa." On information and belief, the Defendant registered the domain name <ashba.com> and did so in bad faith, with actual or constructive knowledge of the Plaintiff's marks or with willful blindness to the same.

11. Defendant's use of Plaintiffs' marks for music, performances, and sound recordings violates Plaintiffs' established intellectual property rights by creating a likelihood of confusion among consumers.

12. This action seeks injunctive relief and damages against this Defendant for his willful infringement of the Plaintiffs' famous trademarks. The Plaintiffs seek injunctive relief enjoining Defendant from continued use of Plaintiffs' marks, including, but not limited to, internet domain names, marketing materials, and listings for entertainment services. Plaintiffs further seek injunctive relief enjoining Defendant from continuing to sell songs, albums, and other musical items under the Plaintiffs' marks. Defendant should also be required to transfer ownership of any infringing domain names to the Plaintiffs' control.

13. Furthermore, given the Defendant's clear willful infringement, the Plaintiffs ask this Court to determine that this is an "exceptional case," warranting the award of the Plaintiffs' attorney fees.

## II.     JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

15. This Court has personal jurisdiction over the Defendant, who has engaged in business activities in and directed to this district, and have committed a tortious act within this district.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pled herein occurred in this district.

17. The Defendant has targeted his conduct toward a known forum resident and has done so with the knowledge that the harm from their conduct would be felt in this jurisdiction.

Thus they are properly subject to jurisdiction in Nevada and the Nevada long arm statute.  Cal. Nev. Rev. Stat. § 14.065.

### III.     THE PARTIES

### PLAINTIFF

18.     Dj ASHBA is a Grammy-nominated recording artist, and is currently the lead guitarist in Guns N' Roses and Sixx:A.M.

19.     Mr. ASHBA launched his musical career more than 20 years ago.

20.     In 1996, he released his first album entitled "Addiction To The Friction" under the band name "ASHBA."  Mr. ASHBA has worked independently and with the hard rock bands BulletBoys and Beautiful Creatures.  He has worked with various artists including Mötley Crüe, Drowning Pool, Marion Rave, Aimee Allen, and Neil Diamond.

21.     Mr. ASHBA has more than 1.7 million followers on Google Plus and over 100,000 followers on Twitter, thus demonstrating strong meaning in his trademarks.

22.     In addition to his career as a prominent musician, performing, and recording artist, Mr. ASHBA has formed the company ASHBA Media, Inc. and he offers various goods and services under marks related to "ASHBA" including DJ ASHBA, ASHBALAND, ASHBA SWAG, and ASHBA MEDIA.

23.     Mr. ASHBA operates a network of websites under his marks.

### DEFENDANT

24.     Ashley Leader is, on information and belief, a Florida resident.

25.     Defendant released an album entitled "Lay Your Love On Me" on September 13, 2011 under the name "AshBa."  **Exhibit A.**  This album has also been made available on iTunes and CDbaby.  **Exhibit B.**

26.     Defendant utilizes the name "AshBa Music" for his Twitter account, which has 8 followers.  **Exhibit C.**  This strongly suggests pretextual use of the domain name.

27.     In violation of Plaintiffs' rights, Defendant advertises his local performances under the name "AshBa."  **Exhibit D.**

28. Defendant utilizes these names without authorization and does so despite a strong likelihood of confusion with the Plaintiffs' registered and common law trademarks.

### IV. BACKGROUND

#### A. Plaintiffs' Valuable Trademark Rights

29. Dj ASHBA has been using the DJ ASHBA® mark in international commerce in connection with musical recordings, performances, and related goods since as early as 1996. Dj ASHBA has been using the derivative marks ASHBALAND and ASHBA MEDIA since 2007 and has registered these marks.

30. The Plaintiffs owns overwhelming trademark rights established by fifteen years of continuous and widespread use on the Internet, millions of daily visitors to the ASHBA network of websites, as well as near ubiquitous recognition in the relevant channels of trade.

31. On November 23, 2010, Dj ASHBA applied to register the DJ ASHBA mark, and on March 27, 2012, the United States Patent and Trademark Office issued Registration No. 4,119,341. See **Exhibit E**.

32. On June 27, 2008, Dj ASHBA applied to register the ASHBA MEDIA mark, and on January 6, 2009, the United States Patent and Trademark Office issued Registration No. 3,559,303. See **Exhibit F**.

33. On June 25, 2008, Dj ASHBA applied to register the ASHBALAND mark with respect to downloadable ring tones for mobile phones, and on November 24, 2009, the United States Patent and Trademark Office issued Registration No. 3,713,945. See **Exhibit G**.

34. On June 25, 2008, Dj ASHBA applied to register the ASHBALAND mark with respect to an online store providing various services, and on February 3, 2009, the United States Patent and Trademark Office issued Registration No. 3,569,845. See **Exhibit H**.

35. On June 25, 2008, Dj ASHBA applied to register the ASHBALAND mark with respect to online chat rooms, and on March 3, 2009, the United States Patent and Trademark Office issued Registration No. 3,582,792. See **Exhibit I**.

36. On June 25, 2008, Dj ASHBA applied to register the ASHBALAND mark with respect to multimedia production services, and on February 3, 2009, the United States Patent and Trademark Office issued Registration No. 3,569,847. See **Exhibit J**.

37. The Plaintiffs marks (in connection with the music industry) can only identify the Plaintiffs, and individuals would be misled to believe that the Defendant is in some way connected to and affiliated with the Plaintiffs.

### B.   Plaintiffs' Internet Presence

38. Plaintiffs maintain a substantial presence on the Internet. Via the Internet, Plaintiffs advertise their products and services, transact business with their customers, offer their customers access to many of their services, and provide product support, among other things.

39. In order to provide customers with easy access to its online products and services, Plaintiffs have registered a number of Internet domain names. Many of these domain names correspond to Plaintiffs' trademarks and service marks. Examples of such domain names are <djashba.com> and <ashbaland.com>.

40. Each of these domain names, as well as others registered to Plaintiffs, resolves to a website created by Plaintiffs that provides their customers with information related to their products and services. These websites generate business for Plaintiffs and allow Plaintiffs to maintain relationships with its customers.

### C.   Defendant's Wrongful Conduct

41. Defendant distributed and continues to distribute an album that identifies himself as "AshBa." This is confusingly similar to the mark and rights held by Plaintiffs. Despite being warned repeatedly by the Plaintiff to cease and desist, the Defendant has done nothing more than create fake and pretextual uses of the ASHBA mark in order to claim that he has superior rights.

42. Defendant claims to have distributed sound recordings under the name "AshBa". While Plaintiff disputes whether Defendant has ever made a bona fide sale under this name. Any presence that Defendant has created under the name ASHBA is either pretextual, and done in order to capitalize on Plaintiffs' reputation and successful career in the music industry, or is simply

confusingly similar to the Plaintiff's mark – and thus even in the event that the Defendant acted in good faith, his conduct is still in violation of the Plaintiff's rights, and should be enjoined.

43. The Defendant went so far as to file a fraudulent trademark application with the USPTO, but the USPTO denied his application for a trademark registration due to a likelihood of confusion with the Plaintiffs' marks.

44. Defendant registered the Domain Name <ashba.com>, which is confusingly similar to the mark and rights held by Plaintiffs.

45. Defendant registered, used, and continues to use the domain name to capitalize on the popularity of Plaintiffs' reputation, nationally recognized musical talents, and online services in connection with Plaintiffs' marks.

46. The Defendant registered, used, and/or trafficked in a domain name, which is confusingly similar to the Plaintiff's trademark, with a bad faith intent to profit from the domain name and its use.

47. Defendant chose the domain and stage name for the purpose of improperly trading upon Plaintiffs' trademark rights.

48. The Defendant's domain and nomenclature use on his alleged album incorporate the Plaintiffs' trademark.

49. The Defendant's domain and album nomenclature are identical or confusingly similar to Plaintiffs' marks.

50. The Defendant's domain does not resolve to websites owned or endorsed by Plaintiffs. Rather, upon information and belief, the domain resolves to a website that is controlled by the Defendant.

51. Plaintiffs are informed and believe, and on that basis allege that the Defendant was aware of Plaintiffs' rights in the mark and willfully infringed upon it by registering the domain, distributing the album, and otherwise using a confusingly similar mark for his goods and services. Even in the absence of actual knowledge, the Defendant had constructive knowledge of the Plaintiff's rights. Even in the absence of such knowledge, his conduct is subject to injunctive relief.

52. Plaintiffs are informed and believe, and on that basis allege that Defendant was aware of Plaintiffs' rights in the mark and willfully infringed upon those rights by using the domain name and labeling of the album in a bad faith attempt to capitalize on the Plaintiff's mark.

53. On information and belief, through Defendant's aforementioned acts, Defendant willfully created a likelihood of confusion between the Plaintiffs' services and music and Defendant's services and music. Even if the Defendant's conduct was not willful, it has still created a strong likelihood of confusion, and thus is properly subject to an injunction prohibiting further use of the ASHBA name.

54. When a person looking for Dj ASHBA's website or music lands on the Defendant's website or music listings, that person may click on one of the advertisements or hyperlinks on the site either because the person finds it easier to click advertisements or hyperlinks than to continue searching for the correct site, or because the person mistakenly believes that Plaintiffs have authorized or endorsed the advertisements or hyperlinks. In either case, the person has been diverted from the original website he or she was seeking to visit, and Plaintiffs have lost the opportunity to interact with that person.

55. Plaintiffs have not consented to Defendant's use of the tradename, service mark, and/or domain name, nor have Plaintiffs sponsored, endorsed, nor approved of the services offered and promoted by Defendant.

56. Defendant is not affiliated with, or sponsored by, Dj ASHBA or ASHBA Media and has not been authorized by Plaintiffs to use its marks. Defendant has not now nor ever been authorized by Plaintiffs to use or register any name or mark that includes or builds upon its marks.

57. On information and belief, Defendant adopted and used the name "AshBa" and the domain <ashba.com> for the purpose of misleading and confusing the public about its association with Plaintiffs, and trading on the goodwill, reputation, and fame of the DJ ASHBA, ASHBA MEDIA, and ASHBALAND marks.

58. Defendant's registration and use of the <ashba.com> domain name is to primarily capitalize on the goodwill associated with Plaintiffs' mark for profit.

59. Defendant's infringing conduct and refusal to respect Plaintiffs' trademark rights indicates that Defendant deliberately and willfully selected and are using a mark and a domain name similar to Plaintiffs' famous trademark to mislead and confuse consumers into believing that Defendant's website and music are provided by, sponsored by, or approved of by Dj ASHBA. Defendant is trading on Mr. ASHBA's reputation and goodwill, and its enormous investment in the promotion of the related service marks, thus diluting the distinctive quality of the famous marks.

60. Defendant registered the domain name willfully and with bad faith intent to profit from Plaintiffs' marks.

61. Defendant labeled the album with "AshBa" willfully and with bad faith intent to profit from Plaintiffs' marks.

62. On information and belief, Defendant knew about Dj ASHBA, the DJ ASBHA mark, the ASHBA MEDIA mark, the ASHBALAND mark, and Plaintiffs' business at the time it adopted the "AshBa" tradename, service mark, and the infringing domain name, or was willfully blind to Plaintiffs' trademark rights.

63. Defendant's first commercial use of the "AshBa" and the infringing domain names occurred after Plaintiffs' first use of the DJ ASHBA mark in connection with its services and music, and years after Mr. ASHBA's common law rights had been established.

64. Defendant's first commercial use of "AshBa" and the infringing domain names occurred after Plaintiffs' DJ ASHBA mark had become famous.

65. Defendant's promotion of its services under the name "AshBa" and website <ashba.com> is directed at consumers of Plaintiffs' services and music and is conducted through the same channels of trade as are used by Plaintiffs to promote its services under the marks.

66. Defendant's use of the Infringing Domain Names, and Defendant's actions described herein are certain or likely to cause confusion, deception, and/or mistake as to: (a) the source or origin of Defendant's services; and (b) whether Plaintiffs sponsors, endorses, or approves of Defendant or its services or is otherwise affiliated with Defendant.

67. Defendant's use of the Infringing Domain Name and Defendant's actions described herein dilute the distinctive quality of Plaintiffs' famous ASHBA family of marks.

68. Defendant's use of the Infringing Domain Name and his actions described herein have been, and continue to be deliberate, willful, and with disregard of Plaintiffs' rights.

69. Defendant's continuing conduct constitutes an ongoing risk that the public will be confused as to the source or origin of the services provided at the Infringing Domain Name and the source or origin of the music.

70. Plaintiffs have sustained, and will continue to sustain, irreparable injury as a result of Defendant's conduct. This injury is not compensable solely by the award of monetary damages. Unless Defendant is immediately restrained and enjoined from engaging in his infringing and diluting conduct, Plaintiffs will continue to suffer irreparable injury.

## FIRST CLAIM FOR RELIEF

### Cyberpiracy – 15 U.S.C. § 1125(d)

71. Plaintiffs re-alleges and incorporates by reference, as if verbatim, each and every paragraph.

72. This is an action under the ACPA, 15 U.S.C. § 1125(d).

73. <ashba.com> is confusingly similar to and/or dilutive of Plaintiffs' famous ASHBA family of marks.

74. Defendant has registered, has used, and is using the Infringing Domain Name with the bad faith intent to profit from Plaintiffs' famous ASHBA family of marks.

75. The Defendant's actions constitute a violation of the Lanham Act and the Anti-cybersquatting Consumer Protection act as codified at 15 U.S.C. § 1125(d).

76. Plaintiffs have been, are now, and will continue to be irreparably harmed by the Defendant's aforementioned acts, and unless enjoined by the Court, the Defendant's unauthorized use of the infringing domain name and infringing artist nomenclature will continue, and there is no adequate remedy at law for the harm caused by the acts alleged herein.

77. The actions alleged herein to have been undertaken by the Defendant were actions that the Defendant caused to occur, were actions that the Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which the

Defendant assisted, participated or otherwise encouraged, and are actions for which the Defendant is liable.

78. Pursuant to 15 U.S.C. § 1125(d)(1)(c), this Court is empowered to order the Registrar to transfer the domain names to a prevailing Plaintiff.

WHEREFORE, Plaintiffs prays that on the First Claim for Relief, the Court issue an order:

a. granting a preliminary and permanent injunction transferring all Infringing Domain Name and/or any other URLs that incorporate the Plaintiffs' trademarks to the Plaintiff;

b. directing Defendant to relinquish all rights in the Infringing Domain Name and to transfer the Infringing Domain Name to the Plaintiff; and directing each Defendant to relinquish all rights in any other Internet domain names that contain the Plaintiffs' marks or any other confusingly similar variation thereof;

c. directing the relevant registrar of the Infringing Domain Name to transfer the Infringing Domain Name to the Plaintiffs without delay;

d. awarding Plaintiffs statutory damages of $100,000 per infringing domain name registered by, used by, or trafficked by each Defendant under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

e. awarding the Plaintiffs its reasonable attorneys' fees, costs of Court and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117;

f. granting the Plaintiffs all other relief to which it is entitled and such other or additional relief as is just and proper.

### SECOND CLAIM FOR RELIEF

**Trademark Infringement, Unfair Competition, and False Designation of Origin**

**15 U.S.C. § 1125(a)**

79. Plaintiffs re-alleges and incorporates by reference, as if verbatim, each and every paragraph.

80. This is an action for trademark infringement, pursuant to 15 U.S.C. § 1125(a).

81. Plaintiffs alleges and believes that Defendant chose the Infringing Domain Name, adopted the "AshBa" name, and took the other actions alleged above, in order to cause confusion or mistake, to deceive the public as to the origin, sponsorship, or approval of the services of Defendant, and/or to deliberately pass off Defendant's services as those of Plaintiffs.

82. Defendant's conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

83. Unless enjoined, Defendant will continue his infringing conduct.

84. As a direct and proximate result of Defendant's infringing conduct, Plaintiffs have suffered and will continue to suffer irreparable injury to their business reputation and goodwill for which no adequate remedy exists at law, and Plaintiffs have lost sales, visitors and profits in an amount not yet fully ascertained.

85. Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate, entitling Plaintiffs to an accounting of Defendant's profits, increased damages, and an award of it's attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

WHEREFORE, Plaintiffs prays that on the Second Claim for Relief, the Court issue an order:

    a. granting a preliminary and permanent injunction restraining Defendant and any and all individuals or entities acting in concert or participation with them, from using in connection with any product or service or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling, or packaging of any product or service, or for using for any commercial purpose whatsoever: (1) the designation ASHBA; (2) the Infringing Domain Name and/or any other URLs that incorporate the Plaintiffs' trademarks; (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiffs' trademarks or injury to the Plaintiffs' business reputation; or (4) any other name, mark, or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's businesses and/or products and/or services are in any way associated

with or related to Plaintiffs or its products and/or services; (5) engaging in any non-privileged activities that are calculated to, or reasonably likely to, interfere with the business relationships, existing or prospective, between Plaintiffs and its customers.

b. directing Defendant to relinquish all rights in the ASHBA name and to transfer the Infringing Domain Name to Plaintiffs; and directing Defendant to relinquish all rights in any other Internet domain names that contain the term "ASHBA" or any other confusingly similar variation thereof;

c. directing Defendant to account to the Plaintiffs for any and all gains, profits, and advantages derived by Defendant from the sale of products or services, including, but not limited to online sales of music downloads or CDs, through the use of the infringing mark or the Infringing Domain Name;

d. awarding Plaintiffs a monetary judgment against Defendant for the maximum damages allowable pursuant to 15 U.S.C. § 1114(1), 15 U.S.C. § 1117, 15 U.S.C. § 1125(a);

e. trebling the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

f. awarding the Plaintiffs its reasonable attorneys' fees, costs of Court and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117;

g. granting the Plaintiffs all other relief to which it is entitled and such other or additional relief as is just and proper.

### THIRD CLAIM FOR RELIEF

### Willful Trademark Infringement

86. Plaintiffs re-alleges and incorporates by reference, as if verbatim, each and every paragraph.

87. This is an action for declaratory and injunctive relief and damages pursuant to 15 U.S.C. § 1114(1).

88. In the course of its conduct of business, Plaintiffs' DJ ASHBA, ASHBA MEDIA and ASHBALAND marks have been continuously used in association with the Plaintiffs' Websites. During this period, the Plaintiffs' marks and the Plaintiffs' reputation has continuously grown throughout the United States and worldwide as a source of origin for services marketed under the trademarks.

89. Plaintiffs' marks have become associated in the minds of consumers with Dj ASHBA's musical career, artistic creations, innovative designs and his overall body of work, and Plaintiffs enjoy the benefit of the ever-increasing fame and goodwill associated with the marks, as a result of its efforts and industry.

90. Defendant's aforementioned acts constitute willful infringement of the Plaintiffs' marks in violation of the Lanham Act, Section 32(1), 15 U.S.C. § 1114(1).

91. Consumers are likely to be confused by Defendant's use and display of the Plaintiffs' mark as a component of Defendant's Infringing URLs.

92. Consumers who navigate to the Infringing Domain Names are likely to believe that they are navigating to a site owned or endorsed by Plaintiffs, thereby falsely designating the origin of the goods and services offered via the infringing site.

93. Consumers, once so misled, are likely to purchase goods and services at the Infringing Domain Name, believing they are Plaintiffs' or somehow affiliated with the Plaintiffs, thereby resulting in a loss of sales to Plaintiffs, blurring of the source of origin of products and services, and diluting the value of Plaintiffs' ASHBA family of marks.

94. The use by Defendant of Plaintiffs' ASHBA family of marks in connection with the Infringing Domain Name is likely to cause confusion, mistake, and deception in the relevant marketplace as to the source of origin of online services delivered to the end user who accesses the Infringing Domain Name, and will continue to do so unless enjoined by this Court.

95. By such wrongful acts Defendant has caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to the Plaintiffs and to the goodwill associated with Plaintiffs' ASHBA family of marks, including diversion of customers, lost sales, and lost profits, blurring, tarnishment and dilution of Plaintiffs' ASHBA family of marks.

WHEREFORE, Plaintiffs prays that on the Third Claim for Relief, the Court issue an order:

a. granting a preliminary and permanent injunction restraining Defendant and any and all individuals or entities acting in concert or participation with Defendant, from using in connection with any product or service or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling, or packaging of any product or service, or for using for any commercial purpose whatsoever: (1) the designation ASHBA; (2) the Infringing Domain Name and/or any other URLs that incorporate, in whole or in part, the Plaintiffs' marks; (3) any other designation that is likely to cause dilution of the distinctiveness of the DJ ASHBA, ASHA MEDIA, or ASHBALAND marks or injury to the Plaintiffs' business reputation; or (4) any other name, mark, or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendant's business and/or products and/or services are in any way associated with or related to Plaintiffs or its products and/or services; (5) engaging in any non-privileged activities that are calculated to, or reasonably likely to, interfere with the business relationships, existing or prospective, between the Plaintiffs and its customers.

b. directing Defendant to relinquish all rights in the Infringing Domain Name and to transfer these Internet domain names to the Plaintiff, LMH; and directing Defendant to relinquish all rights in any other Internet domain names that contain the term "ASHBA" or any other confusingly similar variation thereof;

c. directing Defendant to account to the Plaintiffs for any and all gains, profits, and advantages derived by Defendant from the sale of products or services through the use of the ASHBA mark or the Infringing Domain Name;

d. awarding Plaintiffs a monetary judgment against Defendant for the maximum damages allowable pursuant to 15 U.S.C. § 1114(1), 15 U.S.C. § 1117, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(d);

e. trebling the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

    f.    awarding the Plaintiffs its reasonable attorneys' fees, costs of Court and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117;

    g.    granting the Plaintiffs all other relief to which it is entitled and such other or additional relief as is just and proper.

Dated: March 8, 2013

Respectfully submitted,

s/ Ronald D. Green
Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar #7360
J. Malcolm DeVoy IV, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com